Kuntz, J.,
concurring in result.
I agree that reversal is required because section 733.109(1), Florida Statutes (2015), provides that any interested person may commence a proceeding to revoke the probate of a will. While the appellant will receive the same one-third share of the estate regardless of whether the estate is probated or distributed intestate, the legislature has not required an interested person to demonstrate that their share will increase before the person may seek revocation of probate. However, while I join in the reversal, I would limit our decision to the grounds the court actually decided. We do not need to address other arguments regarding the court’s summary judgment.
I also recognize the court was seeking to proceed in a manner that would not prejudice any party and would expedite the distribution of the estate. In the briefs and at oral argument, counsel struggled to explain how the actual beneficiaries would benefit by revoking the probate. In fact, it was agreed that each beneficiary will receive a one-third share of the estate regardless of the manner in which it is distributed. The appellant’s actual complaints are with the personal representative, as evidenced by a separate civil action he filed seeking to remove her. I agree with the probate judge that the issues the appellant raises in his section 733.109 petition would be better and more efficiently addressed by resolving that separate action. Unfortunately, the appellant has not sought to expedite that litigation.
The court granted summary judgment based upon its conclusion that the appellant lacked standing. I agree that pursuant to section 733.109, the appellant had standing to seek to revoke the probate. Therefore, I would reverse the entry of summary judgment on that basis, but would go no further.